# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| VICTOR ABSHER, and | ) | |
| DEBORAH ABSHER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-11-S-4005-NE |
| | ) | |
| AMERICAN NATIONAL | ) | |
| PROPERTY AND CASUALTY | ) | |
| COMPANY, and TRACY | ) | |
| PUTNAM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiffs' motion to remand.[1] Plaintiffs, Victor Absher and Deborah Absher, commenced this action in the Circuit Court of Cullman County, Alabama, to recover for alleged breach of contract, fraud, and actions undertaken in bad faith related to plaintiffs' insurance policy with defendant American National Property and Casualty Company.[2] Defendant American National removed the case to this court, with defendant Tracy Putnam's consent, on the grounds that plaintiffs fraudulently joined defendant Putnam and, thus, this court has

---

[1] Doc. no. 3 (Motion to Remand).

[2] *See* doc. no. 1-1 (State Court File), at 5-8.

diversity of citizenship jurisdiction over this suit.[3]  *See* 28 U.S.C. § 1332(a)(1).

## I.  SUMMARY OF THE FACTS AS ALLEGED AND PROCEDURAL HISTORY

Plaintiffs reside in Cullman County, Alabama.[4]  Defendant American National is a citizen of Missouri where it was incorporated and where it maintains its principal place of business.[5]  Defendant Tracy Putnam is a citizen of the State of Alabama.[6]

Plaintiffs purchased a farm owners insurance policy from defendant American National on July 15, 2010, and the policy became effective on the date of purchase.[7] The policy provided insurance coverage for the plaintiffs' residence and poultry farm for a term of one year.[8]

Severe weather including tornados and strong winds ravaged the State of Alabama on April 27, 2011, and plaintiffs suffered damage to their residence and poultry farm.[9]  Plaintiffs made claims under the policy for the damages suffered.[10]

Plaintiffs commenced this action in the Circuit Court of Cullman County,

---

[3] *See* doc. no. 1 (Notice of Removal), at 3-8.

[4] *See* State Court File, at 5; Notice of Removal, at 3.

[5] *See* Notice of Removal, at 3.

[6] *See* State Court File, at 5; Notice of Removal, at 4.

[7] *See* State Court File, at 5; doc. no. 2 (Answer), at 2.

[8] *See* State Court File, at 5; Answer, at 2.

[9] *See* State Court File, at 6; Answer, at 2.

[10] *Id.*

Alabama on October 21, 2011.[11]  Plaintiffs assert three claims against American

National for breach of contract, bad faith, and fraud, and one claim against Putnam

for fraud.[12]

Specifically, plaintiffs allege that American National breached their contract

with the plaintiffs by refusing to pay claims according to the terms of the insurance

policy.[13]  Plaintiffs also allege that American National "acted in bad faith in refusing

to pay said claim."[14]

Plaintiffs' claim for fraud, asserted against both American National and Tracy

Putnam, reads in pertinent part as follows:

> 11.  Defendant [American National], by and through their agent
> Tracy Putnam, represented to the plaintiffs that they had insurance
> coverage for their poultry houses and that claims would be paid
> according to the terms of their policy of insurance.

> 12.  Said representations were false and defendants knew they
> were false or, were false and defendants, without knowledge of the true
> facts, recklessly misrepresented the facts; or were false and made by
> defendant by mistake, but with the intention that plaintiff should rely on
> them.

> 13.  Plaintiffs believed said representations and relied on them
> and acted upon them to their detriment.

---

[11] *See* State Court File, at 5; Notice of Removal, at 2.

[12] *See* State Court File, at 5-8.

[13] *See id.* at 6.

[14] *Id.* at 7.

14.    Plaintiffs have suffered severe mental anguish as a proximate result of said fraud.

15.    Plaintiffs claim punitive damages of [*sic*] the defendants because of the intentional and/or reckless nature of the fraud.

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury, plus interests and costs.[15]

Plaintiffs elaborate on their fraud claim in their motion to remand and briefs supporting that motion, stating:

In an August 12, 2011 letter, [American National] stated that they were denying the Plaintiffs' claim because their engineer opined that the damage to the Plaintiffs' property was not caused by the April 27, 2011 storm, rather, any damage to their chicken houses was due to "the age of the structures, types of construction, as well as the installation methods used in the construction." . . . If [American National] can prove that the damage to the Plaintiffs' chicken houses was due [to] "the age of the structures, types of construction, as well as the installation methods used in the construction," which Plaintiffs dispute, then those statements prove that Defendant Putnam, acting as agent for Defendant [American National], misrepresented to the Plaintiffs the condition of their chicken houses and that they had insurance coverage.  Putnam also should have disclosed to Plaintiffs the true nature of their chicken houses and advised them that their chicken houses were uninsurable.[16]

In an affidavit of plaintiff Victor Absher submitted in support of plaintiffs' motion to remand, Mr. Absher states that, prior to July 15, 2010, he called defendant

---

[15] *Id.* at 6-7.

[16] Doc. no. 3-1 (Memorandum in Support of Motion to Remand), at 4-5 (alteration supplied).

Tracy Putnam and asked him to provide a quote for insurance coverage for plaintiffs' residence and poultry farm.[17]  Putnam allegedly came out to plaintiffs' farm, inspected the premises, and said that the chicken houses located on the property "were some of the straightest plumbed conventional houses for their age."[18]  Mr. Absher goes on to state:

> Defendant Putnam later came back to our farm and presented a proposal for insurance.  Mr. Putnam represented to us that our property would be covered for damage due to wind, hail, storms, fire, and other perils as detailed in our policy of insurance.  He also represented to us that any claims we made for covered losses would be paid.  *I relied on these representations in deciding to cancel the policy of insurance that I had in place issued by another company and purchase the insurance policy at issue in this case.*[19]

Mr. Absher further states that, following the damage to plaintiffs' property on April 27, 2011, American National acknowledged that the chicken houses were leaning, but refused to pay the costs of repairing the lean on the grounds that the lean is a result of the age of the structures and the methods used to construct them.  Mr. Absher concludes his affidavit by stating:

> Putnam did not disclose to me that I did not have coverage to my chicken houses.  On the contrary he approved the type of construction and the methods and materials used in the construction with all of his favorable comments.  Instead of disclosing to me that I did not have

---

[17] Doc. no. 3-2 (Affidavit of Victor Absher), at 1.

[18] *Id.* at 1.

[19] *Id.* at 2 (emphasis supplied).

coverage because of these facts, he told me I had coverage on these structures.

The insurance policy contains an exclusion providing:

WE do not cover loss resulting directly or indirectly from one or more of the following exclusions, regardless of any other causes or events contributing concurrently or in any sequence to the loss:

. . .

**12.    Error, Omissions, and Defects**, which result from one or more of the following:

    **a.**    an act, error or omission (negligent or not) relating to:

        **1)**    land use;

        **2)**    *the design, specification, construction, workmanship or installation of property*;

        **3)**    planning, zoning, development, surveying, siting, grading, compaction; or

        **4)**    maintenance of property (including land, structures or improvements);

    **b.**    *a defect, a weakness, the inadequacy, a fault or unsoundness in materials used in construction or repair whether on or off the PREMISES.*[20]

Plaintiffs allege that defendant American National refuses to pay for damages to the chicken houses on the basis of the "Error, Omissions, and Defects" exclusion.

---

[20] Doc. no. 3(A) (Insurance Policy), at 4-5 (boldface emphasis in original, italicized emphasis supplied).

Additionally, plaintiffs assert that "the evidence demonstrates that Defendant Putnam fraudulently suppressed from the Plaintiffs that Defendant [American National] would not provide coverage to the Plaintiffs' chicken houses because of 'the age of the structures, types of construction, as well as the installation methods used in construction.'"[21]  Plaintiffs further state that they "are prepared to amend their complaint adding a claim for fraudulent suppression."[22]

American National, with Putnam's consent, removed the case to this court on November 23, 2011.[23]  American National asserts that plaintiffs fraudulently joined defendant Putnam as a resident defendant with no connection to the suit, and that, disregarding Putnam as a fraudulently joined defendant, complete diversity exists among the parties and, thus, this court has diversity of citizenship jurisdiction over the suit.[24]  Plaintiffs assert that Putnam is not a fraudulently joined defendant and, thus, diversity of citizenship does not exist.[25]

## II.  LEGAL STANDARDS

A removing defendant bears the burden of proving that federal jurisdiction exists.  *See, e.g., Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.

---

[21] Memorandum in Support of Motion to Remand, at 1 n.1.

[22] *Id.*

[23] *See* doc. no. 1 (Notice of Removal), at 1.

[24] *See id.* at 3-9.

[25] *See* Memorandum in Support of Motion to Remand, at 3-7.

2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Moreover, removal statutes must be construed narrowly, and "all uncertainties as to

removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American

Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor

Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Normally the presence of a non-diverse plaintiff and defendant — *i.e.*, a

plaintiff and a defendant who are citizens of the same State — means that complete

diversity does not exist and there is no federal diversity of citizenship jurisdiction

under 28 U.S.C. § 1332.   However, "[f]raudulent joinder is a judicially created

doctrine that provides an exception to the requirement of complete diversity." *Triggs

v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (alteration

supplied).  Under the doctrine of "fraudulent joinder," if a removing party can show

that a non-diverse party was fraudulently joined, the citizenship of the non-diverse

party is disregarded for the purpose of diversity of citizenship jurisdiction.[26]   *See

---

[26] The use of the word "fraudulent" in the term "fraudulent joinder" is "a bit of a misnomer" because the party alleging fraudulent joinder is not required to prove that anyone acted fraudulently when joining a party.  Charles Alan Wright, Arthur R. Miller, *et al.*, 13F *Federal Practice & Procedure* § 3641.1 (3rd ed.)  The confusion is explained by *Federal Practice & Procedure* as follows:

> Despite the wide use of the term "fraudulent joinder," the party seeking the federal forum — usually a removing defendant — does not have to show that the joinder of a nondiverse party was motivated primarily by a desire to remain in state court or to prove that the state court plaintiff's conduct constituted fraud in some legal sense.  It is sufficient if the challenging party either can demonstrate actual

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

The Eleventh Circuit recognizes the following three forms of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).  The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440.  In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified — *i.e.*, where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  *Id.* at 1360.

*Triggs*, 154 F.3d at 1287.

Here, defendant American National alleges that defendant Putnam was joined

---

fraud or more likely, that the plaintiff cannot state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.

Thus the term "fraudulent joinder" is a bit of a misnomer, but one that has become a term of art.  The Fifth Circuit has adopted the term "improper joinder" as more accurately characterizing the concept.  But a number of federal courts seem to agree that the subject typically referred to as "fraudulent joinder" is an aspect of the generic concept of "procedural misjoinder," namely the joinder of a nondiverse plaintiff who destroys complete diversity, the handling of which follows the same analytical framework as the case law on fraudulent joinder.

*Id.* (footnotes omitted).

through the first form of fraudulent joinder.[27]  To establish that form of fraudulent joinder the removing party must show "that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1440-41.

In making that determination, "[t]he district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff." *Id.* at 1440 (alteration supplied).  When considering a motion to remand and a claim of fraudulent joinder, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  The court makes the determination based on the pleadings at the time of removal and also may consider any affidavits or deposition transcripts submitted by the parties. *Id.*

### III. DISCUSSION

To prove fraud under Alabama law, "the plaintiff must show the following:  (1)

---

[27] *See* Notice of Removal, at 6 ("Plaintiffs' joinder of Putnam to this case is fraudulent and diversity jurisdiction exists in the present case because Plaintiffs have no possibility of proving a cause of action against Putnam, the only non-diverse defendant, in this case.").

that the defendant made a false representation to the plaintiff; (2) that the representation concerned a material fact; (3) that the plaintiff relied on the representation; and (4) that the plaintiff incurred damage as a proximate result of the reliance." *Reeves Cedarhurst Development Corporation v. First American Federal Savings & Loan Association*, 607 So. 2d 180, 182 (Ala. 1992). To satisfy the reliance requirement, the plaintiff must have *reasonably* relied on the representation. *See Foremost Insurance Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997).

Defendant American National presents two arguments as to why there is not even a possibility that a state court would find that plaintiffs' complaint states a cause of action against Putnam. First, it argues that the representations defendant Tracy Putnam made were true and, thus, plaintiffs cannot make out a claim against Putnam for fraud. American National cites to a number of cases for the proposition that "[n]o cause of action for fraud in the sale of an insurance policy exists when the insureds are informed about the true nature of their insurance coverage."[28] However, as discussed above, plaintiffs allege that defendant American National asserts that the poor, aged condition of the chicken houses caused the damage to them and, thus, those damages are excluded from the insurance coverage provided by the policy. If

---

[28] Doc. no. 5 (Response in Opposition to the Motion to Remand), at 4 (citing *Fowler v. Provident Life and Accident Insurance Co.*, 256 F. Supp. 2d 1243, 1247 (N.D. Ala. 2003); *Ex parte ERA Marie McConnell Realty, Inc.*, 774 So. 2d 588, 591 (Ala. 2000); *Ex parte Ikner*, 682 So. 2d 8, 10 (Ala. 1996)).

American National adopts that position, then it implicitly acknowledges that Putnam's representation concerning the condition of the chicken houses was false.

Second, American National argues that plaintiff could not have reasonably relied upon the representations made by defendant Putnam because the representations were inconsistent with the terms of the policy. American National asserts that, under Alabama law, an insured cannot reasonably rely on alleged misrepresentations made by an insurance agent that are inconsistent with the policy terms when the insured has received the policy.[29] *See AmerUS Life Insurance Co. v. Smith*, 5 So. 3d 1200, 1215-16 (Ala. 2008); *Liberty National Life Insurance Co. v. Ingram*, 887 So. 2d 222, 229 (Ala. 2004); *Cherokee Farms, Inc. v. Fireman's Fund Insurance Co.*, 526 So. 2d 871, 877 (Ala. 1988) ("'[I]t is unreasonable to rely on oral statements when one is in possession of written documents that would put one on notice as to the validity of oral statements'") (alteration supplied) (quoting *Woodlawn Fraternal Lodge No. 525, F. & A.M. v. Commercial Union Insurance Co.*, 510 So. 2d 162, 164 (Ala. 1987)).

The argument that plaintiffs could not have reasonably relied on Putnam's statements fails because Putnam's statements were not inconsistent with the written terms of the insurance policy. Putnam allegedly made a representation about the

---

[29] *See id.* at 6-9.

condition of the chicken houses, and the insurance policy does not contain a statement about the condition of the chicken houses.

Plaintiffs have set forth allegations as to each element of a claim for fraud under Alabama law.  Plaintiffs allege that Putnam made representations that their chicken houses were in good condition and plumb, that their chicken houses were insured, and that claims under the insurance policy would be paid according to the policy.  Plaintiffs allege that those representations were both false and material because American National now refuses to cover the losses to the chicken houses due to their condition.  Plaintiffs allege that they reasonably relied on those representations in canceling a prior insurance policy on the chicken houses.  Finally, plaintiffs allege that they suffered damages because American National refuses to compensate them for their losses, and that they would not have suffered those damages but for Putnam's misrepresentations.

Thus, there is a possibility that an Alabama state court would find that plaintiffs' complaint states a cause of action against Putnam.  Therefore, Putnam was not fraudulently joined, diversity of citizenship does not exist, and this case is due to be remanded to the Circuit Court of Cullman County, Alabama.

## IV.  COSTS AND EXPENSES

Plaintiffs move this court, pursuant to 28 U.S.C. § 1447(c), to order the

removing defendant, American National, to pay plaintiffs' costs and expenses, including attorney's fees, incurred because of the removal of this action.[30]

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The issue of whether to award costs and expenses incurred as a result of removal is a matter within the discretion of the district court. *See IMCO USA, Inc. v. Title Insurance Co. of Minnesota*, 729 F. Supp. 1322, 1323 (M.D. Fla. 1990).

Generally, courts only award costs and expenses when the removing defendant acted unreasonably based on the information available at the time of removal. *See Johnston Industries, Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1315 (M.D. Ala. 1999) ("The standard that has emerged is whether 'the defendants in this action acted reasonably on the basis of the information available at the time of removal.'") (quoting *Howard Griggs Trucking, Inc. v. American Central Insurance Co.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995)); *Publix Supermarkets, Inc. v. United Food & Commercial Workers*, 900 F. Supp. 419, 422 (M.D. Fla. 1995) (awarding the plaintiff the costs and expenses incurred seeking remand because federal subject matter

---

[30] *See* doc. no. 3 (Motion to Remand), at 1; doc. no. 3-1 (Memorandum in Support of Motion to Remand), at 8.

jurisdiction was "patently lacking" at the time of removal).[31]

The court declines to award costs and attorneys fees because it is not clear that defendant American National acted unreasonably at the time of removal. Plaintiffs' complaint did not contain detailed factual allegations concerning its fraud claim against Putnam. Rather, it only stated: "Defendant [American National], by and through their agent Tracy Putnam, represented to the plaintiffs that they had insurance coverage for their poultry houses and that claims would be paid according to the terms of their policy of insurance."[32] Based on those limited facts, defendant American National was not unreasonable in concluding that the fraud claim against Putnam was merely a fraudulent joinder of Putnam as a non-diverse defendant. It was not until the present motion to remand was filed and the briefs and affidavits were submitted in support of that motion that the factual basis for plaintiffs' fraud claim

---

[31] In line with this standard, the case law has been summarized as follows:

For many courts the main consideration seemed to be the nature of the defect in the attempted removal and where the removal seemed to fall on a spectrum running from reasonable to frivolous. District courts were and remain inclined to order the payment of costs and fees under Section 1447(c) when the non-removability of the action should have been obvious and thus the filing of the notice [of removal] clearly was improper, or when a second notice of removal was filed unnecessarily. Conversely, district courts generally deny an award of costs and fees when the removing defendants had plausible reason to believe that the removal was proper.

Charles Alan Wright, Arthur R. Miller, *et al.*, 14C *Federal Practice & Procedure* § 3739 (4th ed.) (bracketed alteration supplied, footnotes omitted).

[32] Doc. no. 1-1 (State Court File), at 6.

against Putnam became clear.

## V.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is GRANTED.  It is ORDERED that this action be, and the same hereby is, REMANDED to the Circuit Court of Cullman County, Alabama, from which it was removed.  The Clerk is directed to send a certified copy of this order of remand to the clerk of the state court. Costs incurred herein are taxed as paid.  The Clerk is directed to close this file.

DONE and ORDERED this 7th day of May, 2012.

_____
United States District Judge